UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY CHANCE COX,

    Petitioner,

v.

    Case No.: 8:18-cv-1206-T-27SPF
    Criminal Case No.: 8:16-cr-339-T-27SPF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court following an evidentiary hearing on Petitioner Cox' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (cv Dkt. 1). Upon consideration, the motion is **GRANTED**.

## BACKGROUND

In 2016, Cox was indicted and charged with 23 counts, including multiple counts of conspiracy, fraud, and aggravated identity theft. (cr Dkt. 1). Pursuant to a plea agreement, he pleaded guilty to one count of conspiracy in violation of 18 U.S.C. § 371 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028(A). (cr Dkts. 92, 108). As stipulated in the factual basis of the plea agreement, he used stolen personally identifiable information to apply for credit cards and file false tax returns to receive tax refunds. (cr Dkt. 92 at 19-23; cr Dkt. 95).

The plea agreement provided for a two-level reduction based on Cox' acceptance of responsibility. (cr Dkt. 92 at 4). At sentencing, the government moved for an additional level for acceptance of responsibility, which was granted. (cr Dkt. 168 at 4). Cox faced a guidelines range of 60 months on the conspiracy count and a 24-month consecutive sentence on the aggravated

1

identity theft count. (Id.; cr Dkt. 141 at 27). He was sentenced to 84 months imprisonment. (cr Dkts. 153, 156, 168 at 28). He did not appeal. (cv Dkt. 1 at 2).[1]

As his only ground for relief in his timely § 2255 motion, Cox contends he "was denied effective assistance of counsel when his attorney failed to file a requested, direct appeal." (Id. at 4). He explains in his memorandum in support that he "was under the impression after talking briefly after the sentence was handed down, that an appeal would be filed. There was no contact with the attorney in the 14 days after sentencing." (cv Dkt. 2 at 3). The Court held an evidentiary hearing limited to this issue, at which Cox and his counsel testified. (cv Dkt. 8).

## DISCUSSION

Cox has demonstrated by a preponderance of the evidence that he is entitled to an out-of-time appeal. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). To establish ineffective assistance of counsel, he must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's failure to file a notice of appeal when requested constitutes ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005).

---

[1] The plea agreement included an appeal waiver, in which Cox agreed

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . .

(cr Dkt. 92 at 16-17).

However, if a defendant does not request counsel to file a notice of appeal, counsel might nonetheless be required to consult with the defendant about an appeal. *Flores-Ortega*, 528 U.S. at 479-80. Counsel must consult "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are no nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. This consultation requires counsel to "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes." *Id.* at 478.

Cox' remarks to counsel about the possibility of an appeal after the sentencing constituted a request to file a notice of appeal, or at least, reasonably demonstrated his interest in appealing. No notice of appeal was filed, and Cox has established by a preponderance of the evidence that counsel did not consult with him about the advantages and disadvantages of taking an appeal.

The Court incorporates into this order its findings and pronouncements on the record at the evidentiary hearing. In short, Cox testified that he asked his attorney after sentencing whether they would appeal the sentence, and that he understood the attorney to affirm that they would appeal. Cox further testified that, despite his and his mother's attempts to contact counsel, counsel did not contact him to discuss the possibility of an appeal prior to the expiration of the deadline to file a notice, and that at no point did counsel discuss the advantages and disadvantages of an appeal. Cox' testimony further indicated that, had counsel consulted with him about an appeal, there is a reasonable probability that he would have timely appealed. *Id.* at 484.

Although counsel's calendar included entries indicating a scheduled visit to Cox in jail prior to the expiration of the appeal deadline, surprisingly, counsel does not have any

3

contemporaneous notes documenting visits to or conversations with Cox about the possibility of an appeal. Nor was counsel able to testify as to any specific discussions he had with Cox about an appeal prior to the deadline. Counsel's testimony is therefore unable to refute Cox' testimony, which established ineffective assistance of counsel for failure to file a notice of appeal or consult with Cox.

Accordingly, Cox is entitled to relief on Ground One in his § 2255 motion. In accord with *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), because "an out-of-time appeal in a criminal case is warranted as the remedy,"

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, [Cox] should be advised of all the rights associated with an appeal from any criminal sentence; and (4) [he] should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

225 F.3d at 1201.[2]

---

[2] Until December 1, 2009, Rule 4(b) allowed a defendant ten days from the entry of the order appealed to file a notice of appeal. *See United States v. Blaine*, 409 F. App'x 253, 256 (11th Cir. 2010) (citations omitted).

This procedure does not limit Cox' ability to, following an appeal, raise any remaining claims in his motion. *See McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir. 2002) ("A successful motion to file an out-of-time notice of appeal . . . does not render subsequent collateral proceedings 'second or successive.'"). Accordingly, any remaining collateral claims in his motion are moot and due to be dismissed without prejudice. *See United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) (noting that if the court grants an out-of-time appeal, the "best approach" is to dismiss the collateral claims without prejudice).

## CONCLUSION

Upon consideration, it is **ORDERED**:

1. Cox' § 2255 motion is **GRANTED** to the extent that he may file an out-of-time appeal in 8:16-cr-339-T-27SPF.

2. The Court will enter an order in 8:16-cr-339-T-27SPF vacating the original judgment and imposing the identical sentence in an amended judgment.

3. Cox has **14 DAYS** from the entry of judgment within which to appeal.

4. Any remaining claims in his § 2255 motion are **DISMISSED** *without prejudice*.

5. The Clerk is directed to enter judgment in favor of Cox in 8:18-cv-1206-T-27SPF and to **CLOSE** this case.

**DONE AND ORDERED** this 27th day of February, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
United States District Judge

Copies to: Petitioner, Counsel of Record